UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JEWELLS DREAM,

        Petitioner,        6:13-cv-01936-SU

        v.        FINDINGS AND RECOMMENDATION

ROB PERSSON,

        Respondent.

SULLIVAN, Magistrate Judge.

At the time he filed the petition in this proceeding petitioner was in the custody of the Oregon Department of Corrections pursuant to a Judgment from Lane County Circuit Court after convictions for Assault in the Second Degree and Reckless Endangering Another Person. Exhibit 101.[1]

---

[1] Petitioner has apparently been released from the physical custody of the DOC.

1 - FINDINGS AND RECOMMENDATION

The relevant procedural facts are as follows. After a jury trial, petitioner was convicted and the court imposed a sentence of 144 months with three years of post-prison supervision (PPS) for the assault conviction. The sentence was later amended and the term was reduced to 120 months of imprisonment with the PPS to be reduced upon petitioner's release to comply with ORS 161.605. Petitioner was sentenced to a concurrent six-month term of imprisonment for the count of Recklessly Endangering Another Person.

Petitioner directly appealed his convictions, Exhibits 106 - 119, and filed a state post-conviction relief (PCR) proceeding. Exhibits 146 - 150.

Petitioner filed a petition under 28 U.S.C. § 2254 alleging three grounds for relief. Petition (#2).[2] Respondent argues:

> [R]elief should be denied on Grounds Two and Three as those claims were not fairly presented to the state appellate courts, and thus are procedurally defaulted. Second, relief should be denied on Ground One, insofar as it is a federal claim that was presented to the Oregon state courts, as it was denied in a decision that was neither 'contrary to," nor "unreasonable applications of," United State's Supreme Court precedent. Third, petitioner's claims are without merit.

Response to Petition (#18) p 1-2.

---

[2] Petitioner filed a previous Petition for Writ of Habeas Corpus (Exhibit 115) which was later voluntarily dismissed without prejudice.

2 - FINDINGS AND RECOMMENDATION

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]"  Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims.  Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).  If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.  O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted.  Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991).  Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to

3 - FINDINGS AND RECOMMENDATION

the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

In addition, a federal court cannot review a claim presented in a 28 U.S.C. § 2254 proceeding if the state court denied relief on the claim based "on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991); *see also*, Nitschke v. Belleque, 680 F.3d 1105, 1109 (9th Cir. 2012). If the state court denied relief on the claim for procedural reasons, a federal court cannot review the claim if the procedure invoked by the state court was "firmly established and regularly followed," Walker v. Martin, 131

4 - FINDINGS AND RECOMMENDATION

S.Ct. 1120, 1127-28 (2011), and did not depend on an antecedent ruling of federal constitutional law. <u>State v. Smith</u>, 536 U.S. 856, 860 (2002).

<u>Ground Two:</u> Petitioner alleges in Ground Two that the trial court erred in sentencing him to a term that exceeds the statutory maximum for a Class B felony and in sentencing him to an indeterminate term of post-prison supervision. Petition (#2), at 6.

Petitioner presented his claim that his sentence exceeded the maximum statutory term to the Oregon Court of Appeals, but he failed to seek review of that issue by the Oregon Supreme Court. *See*, Exhibits 110 and 117. Therefore, this claim was not presented to Oregon's highest court as required by the doctrine of exhaustion.

Petitioner's claim that he was improperly sentenced to an indeterminate term of post-prison supervision was not presented to the trial court or to the appellate court on direct review.[3]

Because petitioner did not fairly present the claims alleged in Grounds Two to Oregon's highest court, and the

---

[3] Moreover, on appeal, petitioner's sentence was amended to be consistent with the statutory maximum. Therefore, petitioner was not prejudiced by any error in this regard.

5 - FINDINGS AND RECOMMENDATION

time for presenting new claims is past,[4] the claims alleged in Ground Two are procedurally defaulted. Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Accordingly, the claims in Grounds Two should be denied.

Ground Three In Ground Three, petitioner alleges a due process violation by the trial court when he was required to wear ankle restraints and in denying his motion for mistrial on that basis. Petition (#2), at 6-7. Petitioner raised these claims as his First and Second Assignments of Error on direct appeal and the Court of Appeals found that the assignments of error were un-preserved. Exhibit 109, at 3.

Under Oregon law, claims that are not properly preserved for review at the trial level generally cannot be raised on appeal. *See*, ORAP 5.45(2); State v. Wyatt, 331 Or. 335, 343 (2000). Thus, although the claim in Ground Three was presented

---

[4] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35 days from the date of the Court of Appeals' decision. *See also*, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

to the Oregon appellate court, it was not presented in a procedural context in which the merits of the claim would be considered. *See*, Roettgen v. Copeland, 33 F.3d 36, 38 (1994)(*citing* Castille, 489 U.S. 346, 351 (1989), and the claim is now procedurally defaulted.

Moreover, the state court decision, pursuant to ORAP 5.45(2) was based upon an independent and adequate state law ground and is therefore not reviewable in habeas corpus. *See*, Nitsche v. Belleque, 680 F.3d 1105, 1108 (9th Cir. 2012).

Therefore, Petitioner's claims in Ground Three should be denied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v.

7 - FINDINGS AND RECOMMENDATION

Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show

8 - FINDINGS AND RECOMMENDATION

that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

Ground One: In Ground One, petitioner alleges ineffective assistance of counsel for failure to object that petitioner's sentence included an indeterminate term of post-prison supervision. Petition (#2) p. 6. The PCR court found that petitioner had failed to establish that counsel was ineffective for failing to object to petitioner's sentence. Exhibit 143, at 6. For the reasons set forth below, I find that the PCR court finding is entitled to deference by this court and is supported by the record and correct on the merits.

The record reflects that in 2002, petitioner was sentenced to 144 months of incarceration and three years of post-prison supervision. Approximately one year later, the

9 - FINDINGS AND RECOMMENDATION

sentencing court amended petitioner's judgment to reflect a 120-month incarceration term. Exhibit 101, at 11. Four years after that in 2007, the sentencing court amended petitioner's judgment again to state that "if the length of incarceration * * * plus the length of post-prison supervision exceeds the statutory minimum indeterminate sentence described in ORS 161.605 [which sets the maximum indeterminate sentences for felonies], then the length of the post-prison supervision is hereby reduced to the extent necessary to conform the total sentence length to the statutory maximum. Exhibit 101, at 9.

In his post-conviction petition, petitioner alleged that his attorney, Thomas Fagan, was inadequate for failing to object to "the imposition of an indeterminate term of post-prison supervision." Exhibit 120, at 5. The PCR court concluded that Mr. Fagan did not represent petitioner in 2007 when the indeterminate sentence was imposed. At that time, petitioner was represented by Andrew Chilton. Exhibit 105, at 15-16. Petitioner did not raise a PCR claim alleging that Mr. Chilton was inadequate in 2007 - or at any other time. Thus, petitioner's claim that Mr. Fagan was inadequate for failing to object to petitioner's indeterminate supervision term fails as a factual matter.[5]

---

[5] Mr. Chilton did argue that the post-prison term should be determinate. Exhibit 105, at 6. Petitioner did not seek

10 - FINDINGS AND RECOMMENDATION

At the time Mr. Fagan represented petitioner, petitioner was not subject to an indeterminate term of post-prison supervision. The original judgment unambiguously imposed a supervision term of three years. Exhibit 101, at 15-16.

Even if the original 2002 judgment could be interpreted as imposing an indeterminate supervision term, petitioner has not established that a reasonable attorney in 2002 would have objected on that ground. The cases relied upon by petitioner in support of his claim were not decided until several years later. Counsel is not required to be "clairvoyant." <u>Umberger v. Czerniak</u>, 232 Or. App 563, (2009).

To the extent the PCR court made a determination that counsel was not ineffective because petitioner was properly sentenced under state law, that state law determination is not reviewable by this court. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Mendez v. Small</u>, 298 F.3d 1158 (9th Cir. 2002). Although petitioner's ineffective assistance of counsel claim is based on federal law, the underlying state law issue - whether petitioner's term of post-prison supervision was in accordance with Oregon law - is a state law question that is not reviewable in habeas. *See*, <u>Belmontes v. Brown</u>, 414 F.3d 1094, 1121 (9th Cir. 2005), *overruled on other grounds by*

---

appellate review of the 2007 sentencing order, so any claim in that regard is procedurally defaulted.

11 - FINDINGS AND RECOMMENDATION

<u>Ayress v. Belmontes</u>, 549 U.S. 7 (2006) (ineffective assistance of counsel claim premised on state-law interpretation rejected by the state courts was not reviewable under *Estelle*).

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

////

12 - FINDINGS AND RECOMMENDATION

////

////

## *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. <u>See</u>, 28 U.S.C. § 2253(c)(2).*

DATED this 12th day of December, 2014.

                                      /s/ PATRICIA SULLIVAN
                                     Patricia Sullivan
                                     United States Magistrate Judge